UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J S - 6

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05735-SSS-SPx Date: November 4, 2026

Title *Ashley Nicole Marie Howse, et al. v. Department of Child Protective Services, et al.*

Present: The Honorable: SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**Proceedings (In Chambers): Order Dismissing Action Without Prejudice for Lack of Subject Matter Jurisdiction**

On September 28, 2026, Plaintiff filed an Emergency Motion for Immediate Return of Child and a Request to Proceed In Forma Pauperis. [Dkts. 1-3]. Plaintiff brought the motion under the Indian Child Welfare Act ("ICWA"). [Dkt. 1 at 1]. Plaintiff alleged that, on January 8, 2022, her newborn Indian child was unlawfully taken from her and placed in the custody of the child's paternal grandmother. [*Id*. at 6]. Defendants allegedly had found that Plaintiff had endangered the child during pregnancy. [*Id*. at 5]. Plaintiff filed the Motion on behalf of herself and the child. [*Id*. at 2]. Plaintiff sought, among other things, the return of the child. [*Id*. at 7].

On September 29, 2026, the Court postponed a ruling on the IFP request and granted Plaintiff 30 days to hire counsel to represent her child or to provide more information. [Dkt. 9]. The Court found that Plaintiff had no authority to litigate an action as a *pro se* litigant on behalf of her child and that she had not explained how the ICWA had been violated. [*Id.*]

On October 1, 2026, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. [Dkt. 10]. The Court warned Plaintiff that her failure to respond by October 22, 2026, may, without further warning, result in the dismissal of the entire action without prejudice. [*Id.*]

Plaintiff did not file a response to the Order to Show Cause and did not file a Complaint. Instead, on October 27, 2026, Plaintiff filed an Ex Parte Motion for Immediate Return of Child. [Dkt. 14]. In the Motion, Plaintiff alleges that Defendants removed her child because they were "inspired by evil motive, ill will, and malice." [*Id*. at 2].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05735-SSS-SPx Date: November 4, 2026

Title *Ashley Nicole Marie Howse, et al. v. Department of Child Protective Services, et al.*

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has not met this burden.

First, jurisdiction is lacking because Plaintiff failed to file a Complaint despite being ordered to do so. *See Romagnano v. Byrd*, 2023 WL 3466656, at *1 (N.D. Fla. Apr. 28, 2023) (no subject matter jurisdiction where Plaintiff has not filed a civil complaint, because "[a] civil action, generally, cannot be commenced with the filing of a motion, much less a request").

Second, jurisdiction is lacking because Plaintiff failed to comply with the Court's order to show why this action is properly brought under the ICWA. Under 25 U.S.C. § 1914, Plaintiff was required to file a Complaint showing how the alleged acts involving her child "violated any provision of sections 1911, 1912, and 1913 of this title." Plaintiff has not done so. Plaintiff's conclusory allegation of "evil motive, ill will, and malice" does not suffice. Without the required showing, Plaintiff has not shown that the Court has subject matter jurisdiction. *See Rosebud Sioux Tribe v. Dewyenie*, 2010 WL 2534193, at *5-*6 (D. Ariz. June 18, 2010) (Murguia, J.) (no subject matter jurisdiction under the ICWA where Plaintiff failed to assert a violation of Section 1911, 1912, or 1913).

Third, jurisdiction is lacking to consider any remaining allegations Plaintiff may raise, apart from the ICWA, to challenge a dependency proceeding involving her child. The Court "has no role in interfering in an ongoing state dependency action or reviewing any final decision of a state court regarding parental rights." *Gottfried v. St. Vincent DePaul of Lane County*, 2026 WL 18819, at *4 (D. Or. Jan. 2, 2026) (applying *Rooker-Feldman* doctrine and *Younger* abstention).

For these reasons, this action is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's application to proceed in forma pauperis is denied. [Dkt. No. 3]. Although Plaintiff has not demonstrated an inability to pay the filing fee, this application is moot in light of the Court's finding that it lacks subject matter jurisdiction.

IT IS SO ORDERED.